**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GILBERTO CARMONA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:19-cv-08377 |
| | ) | |
| T & L PRODUCE, INC. d/b/a ROINS FOOD | ) | |
| DISTRIBUTION, BELLISSIMO | ) | |
| DISTRIBUTION, LLC, d/b/a GRECO & | ) | |
| SONS, and GEORGE TSEKOS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BELLISSIMO DISTRIBUTION, LLC'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Bellissimo Distribution, LLC, d/b/a Greco & Sons

("Defendant"), by and through its attorney, Kevin W. Frey of Laner Muchin, Ltd., and for its

Answer and Affirmative Defenses, states as follows:

**Jurisdiction and Venue**

1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal
question); 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

**ANSWER:** Defendant admits this Court has jurisdiction over this matter, but denies that

it has engaged in any conduct that would violate the FLSA or constitute retaliatory

discharge/refusal to hire.

2.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1), (2)
(venue, generally) and 29 U.S.C. § 216(b) (FLSA).

**ANSWER:** Defendant admits the allegations set forth in Paragraph 2.

**Parties**

3.      Plaintiff, Gilberto Carmona ("Carmona"), is a former employee of Defendants T
& L Produce d/b/a Roins Food Distribution, George Tsekos, and Bellissimo Distribution, LLC
d/b/a Greco & Sons.

**ANSWER:** Defendant denies that Plaintiff was ever an employee of Bellissimo Distribution, LLC d/b/a Greco & Sons. Defendant is without sufficient information to either admit or deny the remaining allegations set forth in Paragraph 3.

4.      Defendant T&L Produce d/b/a Roins Food Distribution ("RFD") is an Illinois-based corporation that was recently purchased by Defendant Bellissimo Distribution, LLC. RFD is a wholesale food delivery company.

**ANSWER:** Defendant admits that it purchased RFD through an asset purchase agreement on July 30, 2018. Defendant is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 4.

5.      George Teskos ("Tsekos") is a former owner of RFD and former officer of Defendant Bellissimo Distribution, LLC d/b/a Greco & Sons.

**ANSWER:** Defendant admits that Tsekos formerly owned an interest in RFD. Defendant denies the remaining allegations set forth in Paragraph 5.

6.      Defendant Bellissimo Distribution, LLC d/b/a. Greco & Sons ("Greco") is an Illinois-based corporation and wholesale food delivery company, that purchased Defendant RFD.

**ANSWER:**  Defendant admits the allegations set forth in Paragraph 6

## Factual Allegations

7.      Carmona was first hired by RFD and Tsekos in 2002 as a delivery driver.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 7.

8.      Carmona remained employed by RFD in his capacity as a driver until his illegal firing in August 2018.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 8.

9.      Carmona's job duties included delivering wholesale food orders from RFD's warehouse to various restaurants throughout the Chicago-area.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 9.

## Carmona regularly worked in excess of forty hours

10.     Historically, Carmona's shifts ran from approximately 6:00 a.m. to approximately 2:00 p.m. He worked Monday through Friday, and every other Saturday.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 10.

11.     Carmona was paid $19.75 per hour for either forty or forty-eight hours per week, depending on whether he worked a Saturday that week.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 11.

12.     Beginning in approximately January 2017, Tsekos instructed Carmona to begin his shifts at 3:00 a.m. so he could go to the market to pick up additional food for delivery. His shifts were still scheduled to end at 2:00 p.m.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 12.

13.     Even though Carmona had begun working fifty-five and fifty-eight hours per week, respectively, he continued to be paid for forty and forty-eight hours per week.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 13.

14.     This meant that beginning in January 2017, Carmona was working either fifteen or eighteen hours per week, for which he was receiving no compensation, including no additional overtime pay.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 14.

15.     These additional hours worked by Carmona were performed off-the-clock and thus not recorded.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 15.

## Carmona suffers a workplace injury

16.      On or about July 10, 2018, Carmona injured his shoulder while making a delivery. When he returned to RFD's facility at the end of his shift, he also went to the main office to report his injury, in-person, to Tsekos. Tsekos was away from the office, and an office employee instructed Carmona to return the next day to meet Tsekos.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 16.

17.      He sent Tsekos a text message late that same evening, reporting the injury and requesting that Tsekos provide him with a helper.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 17.

18.      Previously, Tsekos had granted other injured drivers' requests and provided them with a helper to lift boxes for the injured driver. The helper would have lifted boxes for Carmona while Carmona drove the truck and interacted with the delivery recipients.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 18.

19.      Carmona repeatedly requested Tsekos provide him a helper, via text message and in-person, but never received his requested assistance.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 19.

20.      Carmona continued performing his job for approximately two weeks, working through the pain in his shoulder.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 20.

## Greco purchases RFD

21.     Upon information and belief, in or about approximately August 2018, ownership of RFD began to transfer. Greco had already purchased, or been in the process of purchasing RFD throughout the summer of 2018.

**ANSWER:** Defendant admits that it purchased RFD on July 30, 2018 through an asset purchase agreement. Defendant denies the remaining allegations set forth in Paragraph 21.

22.     On or about July 25, 2018, RFD held a company-wide meeting. During the meeting, employees were notified of the company's purchase by Greco, informed that the transfer in ownership would take effect on Monday, July 30, 2018, that Tsekos would remain on in a managerial role, and that Mateo (last name unknown) would be promoted over Tsekos to the role of Vice President.

**ANSWER:** Defendant admits the allegations set forth in Paragraph 22.

23.     Carmona arrived late to the meeting due to his work completing his shift.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 23.

24.     RFD employees, including Carmona, were also informed that they would remain employed, though they would need to fill out applications. Carmona filled out the necessary application paperwork and turned it in to a Greco representative.

**ANSWER:** Defendant admits that RFD employees were informed that they would need to submit applications and complete the onboarding process in order to become employees of Defendant. Defendant denies the remaining allegations set forth in Paragraph 24.

25.     Another employee, Omar (last name unknown), stormed out of the meeting at one point and did not complete his intake or application paperwork.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 25.

26.     When Carmona completed his application to continue his employment, Tsekos told him that he would have a job at Greco.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 26.

**Carmona informs Tsekos and RFD of his intention to file a workers' compensation claim; Tsekos and RFD illegally retaliate and withhold lawfully earned wages; Greco furthers the retaliation by illegally firing and/or failing to hire Carmona**

27.     After working through approximately two weeks of constant pain, Carmona's injury became so overwhelming that he could barely move his arm. On or about July 27, 2018, Carmona went to the doctor. His physician determined that he needed to remain off of work until August 10.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 27.

28.     The following day, on or about Saturday, July 28, 2018, Carmona visited RFD and informed Tsekos in-person of this development, provided him with a doctor's note, and stated that he intended to file for workers' compensation.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 28.

29.     Tsekos responded to the news of Carmona's pending filing of a workers' compensation claim by instructing Carmona to lie about his injury. Tsekos ordered him to return to work that upcoming Monday as a driver, after the sale was complete. He further instructed him to and continue working until that following Friday, after the company sale was complete and Greco was the new company owner.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 29.

30.     During this August 11 conversation, Tsekos instructed Carmona to go to the new owners, that following Friday, August 3, 2018, and lie. He ordered Carmona to say that he suffered the injury *after* RFD had been sold so that the accompanying workers' compensation claim would be assessed to the Greco's insurance, not his own. Tsekos told Carmona that he wanted to "pin it" on Greco's insurance.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 30.

31.     Carmona refused Tsekos's order to lie and commit insurance fraud.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 31.

32.     In response to Carmona's refusal, Tsekos told him, "You don't fuck with my insurance."

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 32.

33.     On or about August 2, 2018, Carmona returned to RFD to speak with Tsekos after he did not receive his next scheduled paycheck.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 33.

34.     Tsekos first claimed that the check had been mailed, but Carmona said he never received it. Tsekos eventually admitted that he had thrown the check in the trash.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 34.

35.     To date, Carmona has never received his final paycheck from RFD.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 35.

36.     On or about August 9 or 10, Carmona had a follow-up appointment with his physician. He learned that he could not yet return to work, that he would need additional time off to heal, and that he might require surgery.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 36.

37.     Carmona repeatedly attempted to contact Tsekos between August 2 and August 11, 2018, but received no response.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 37.

38.     On or about August 11, 2018, after being repeatedly ignored by Tsekos, Carmona again visited RFD to provide Tsekos with his most recent doctor's note.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 38.

39. When Tsekos saw Carmona, he said, "What the fuck are you doing here? You were not hired by the new company." Tsekos told Carmona that he had not been included in the list of names of employees whose jobs were maintained under the new ownership. From where Carmona was standing, he could clearly see that his name was, in fact, written on a list of names of drivers who would remain employed by Greco. Tsekos then walked away and refused to speak further with Carmona.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 39.

40. Mateo, the new Greco Vice President, came over and told Carmona that he no longer worked at either company because he "already [had] a claim against George," and had "sued" Tsekos over his injury, a likely reference to Carmona potentially filing a workers' compensation claim.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 40.

41. Greco participated in and furthered RFD and Tsekos's illegal acts by firing, refusing to hire, and/or withdrawing Carmona's offer because he refused Tsekos's orders to commit insurance fraud and/or because he filed a workers' compensation claim.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 41.

42. Alternatively, Greco is a proper defendant under the theory of successor liability.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 42.

43. Greco knew, or should have known of Carmona's claims against Tsekos and RFD prior to its acquisition of RFD. Indeed, the General Manager, Mateo, that Greco hired was a former RFD employee and participated in the efforts to deny Carmona any hope of employment with Greco.

**ANSWER:** Defendant admits that it hired Mateo into the position of General Manager. Defendant denies the remaining allegations set forth in Paragraph 43.

44. Upon information and belief, after Tsekos, RFD, and Greco illegally fired Carmona, and refused him his final earned paycheck, they compounded their illegal activity by lying to the workers' compensation insurance adjustor and claiming that Carmona never gave

notice of his injury until after he was fired, and also that the injury was suffered in June 2018. The adjustor saw past these lies and awarded Carmona his workers' compensation benefits.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 44.

## COUNT I — WHISTLEBLOWER ACT - RETALIATORY DISCHARGE
## DEFENDANT T& L PRODUCE D/B/A ROINS FOOD DISTRIBUTION

45.     Paragraphs 1 through 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

46.     Carmona brings Count I against RFD for violation of the Illinois Whistleblower Act. 740 ILCS 174/1, *et seq*.

**ANSWER:** The allegations in Count I are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 46.

47.     The Whistleblower Act prohibits an employer from retaliating against an employee who refuses to participate in an activity that would result in a violation of state or federal law. 740 ILCS 174/20.

**ANSWER:** The allegations in Count I are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 47.

48.     RFD was Carmona's "employer," and Carmona was RFD's "employee," as those terms are defined in the Act. 740 ILCS 174/5.

**ANSWER:** The allegations in Count I are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 48.

49.     RFD fired Carmona in 'violation of the Whistleblower Act because he refused to agree to Tsekos's illegal scheme to fraudulently cover up and/or misrepresent the nature and timing of his injury, lie to Greco about the tiding of his injury, and commit insurance fraud.

**ANSWER:** The allegations in Count I are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 49.

50.     An employee may bring a civil action against an employer who violates the Whistleblower Act. 740 ILCS 174/30.

**ANSWER:** The allegations in Count I are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 50.

51.     RFD violated the Whistleblower Act by firing Carmona.

**ANSWER:** The allegations in Count I are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 51.

## COUNT II — WHISTLEBLOWER ACT - RETALIATORY DISCHARGE
## DEFENDANT GEORGE TSEKOS

52.     Paragraphs 1 through 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

53.     Carmona brings Count II against Tsekos for violation of the Illinois Whistleblower Act. 740 ILCS 174/1, *et seq*.

**ANSWER:** The allegations in Count II are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 53.

54.     The Whistleblower Act prohibits an employer from retaliating against an. employee who refuses to participate in an activity that would result in a violation of state or federal law. 740 ILCS 174/20.

**ANSWER:** The allegations in Count II are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 54

55. Tsekos was Carmona's "employer," and Carmona was RFD's "employee," as those terms are defined in the Act. 740 ILCS 174/5.

**ANSWER:** The allegations in Count II are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 55.

56. Tsekos fired Carmona in violation of the Whistleblower Act because he refused to agree to Tsekos's illegal scheme to fraudulently cover up and/or misrepresent the nature and timing of his injury, lie to Greco about the timing of his injury, and commit insurance fraud.

**ANSWER:** The allegations in Count II are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 56.

57. An employee may bring a civil action against an employer who violates the Whistleblower Act. 740 ILCS 174/30.

**ANSWER:** The allegations in Count II are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 57.

58. Tsekos violated the Whistleblower Act by firing Carmona.

**ANSWER:** The allegations in Count II are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 58.

### COUNT III — COMMON LAW RETALIATORY DISCHARGE
### DEFENDANT T& L PRODUCE D/B/A ROINS FOOD DISTRIBUTION

59. Paragraphs 1 through 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

60.     Carmona brings Count III against Defendant RFD based on the common law tort of retaliatory discharge.

**ANSWER:** The allegations in Count III are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 60.

61.     Illinois law permits an employee to recover damages for retaliatory discharge from his former employer, if the former employer discharges the employee in retaliation for refusing to participate in activity that the employee believes to be a violation of public policy, including refusing to commit a crime on the employer's behalf.

**ANSWER:** The allegations in Count III are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 61.

62.     Illinois law similarly permits an employee to recover damages for retaliatory discharge from his former employer, if the former employer discharges the employee in retaliation for exercising rights provided for by the Illinois Workers' Compensation Act ("WCA").

**ANSWER:** The allegations in Count III are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 62.

63.     The WCA provides, in relevant part, that it is unlawful for any employer to discharge, threaten to discharge, or refuse to hire an employee over his exercise of rights or remedies granted to him under the WCA. 820 Ill. Comp. Stat. Ann. 305/4.

**ANSWER:** The allegations in Count III are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 63.

64.     RFD discharged Carmona in retaliation for the following protected acts, all of which contravene public policy:

(a) Refusing to lie about the timing of his workplace injury and commit insurance fraud; and

(b) Exercising his rights as provided for under the WCA and filing a workers' compensation claim.

**ANSWER:** The allegations in Count III are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 64.

65. As the direct result of the illegal termination of his employment, Carmona suffered loss of income, benefits, and career opportunities, as well as humiliation and emotional distress.

**ANSWER:** The allegations in Count III are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 65.

## COUNT IV — COMMON LAW RETALIATORY DISCHARGE
## BELLISSIMO DISTRIBUTION, LLC D/B/A GRECO & SONS

66. Paragraphs 1 through 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

67. Carmona brings Count IV against Defendant Greco based on the common law tort of retaliatory discharge.

**ANSWER:** Defendant admits that Plaintiff brings Count IV based upon the common law tort of retaliatory discharge. Defendant denies that it committed the tort of retaliatory discharge.

68. Illinois law permits an employee to recover damages for retaliatory discharge from his former employer, if the former employer discharges the employee in retaliation for exercising his rights as set forth under the WCA.

**ANSWER:** Defendant objects to the allegations in this paragraph as they are a legal conclusion. Due to this objection, Defendant denies the allegations set forth in Paragraph 68.

69. The WCA provides, in relevant part, that it is unlawful for any employer to discharge, threaten to discharge, or refuse to hire an employee over his exercise of rights or remedies granted to him under the WCA. 820 Ill. Comp. Stat. Ann. 305/4.

**ANSWER:** Defendant objects to the allegations in this paragraph as they are a legal conclusion. Due to this objection, Defendant denies the allegations set forth in Paragraph 69.

70. Greco either discharged or refused to hire Carmona in retaliation for exercising his rights as provided for under the WCA and filing a workers' compensation claim.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 70.

71. Greco committed the tort of retaliatory discharge when, by way of its agent, Mateo, it either refused to honor Carmona's offer of employment with Greco and/or terminated his position with Greco in retaliation for his filing a workers' compensation claim.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 71.

72. As the direct result of the illegal termination of his employment,. Carmona suffered loss of income, benefits, and career opportunities, as well as humiliation and emotional distress.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 72.

## COUNT V — DEFENDANT T& L PRODUCE D/B/A ROINS FOOD DISTRIBUTION ILLINOIS WAGE PAYMENT AND COLLECTION ACT — UNPAID FINAL PAYCHECK

73. Paragraphs 1 through 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

74. The Illinois Wage Payment and Collection Act, 820 ILCS 115 *et seq*. ("the Wage Act"), requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation. 820 ILCS 115/5.

**ANSWER:** The allegations in Count V are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 74.

75. Carmona was owed his final paycheck, approximately $900 gross, when his employment was illegally terminated.

**ANSWER:** The allegations in Count V are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 75.

76.     Defendant RFD failed to pay him his final paycheck.

**ANSWER:** The allegations in Count V are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 76.

77.     RFD violated the Wage Act by failing to pay Carmona's final compensation.

**ANSWER:** The allegations in Count V are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 77.

78.     As a direct result of RFD's violation of the Wage Act, Carmona was damaged in the form of being denied his final earned compensation.

**ANSWER:** The allegations in Count V are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 78.

## COUNT VI — DEFENDANT GEORGE TSEKOS
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT — UNPAID FINAL PAYCHECK

79.     Paragraphs 1 though 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

80.     The Illinois Wage Payment and Collection Act, 820 ILCS 115 *et seq.* ("the Wage Act"), requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation. 820 ILCS 115/5.

**ANSWER:** The allegations in Count VI are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 80.

81.     Carmona was owed his final paycheck, approximately $900 gross, when his employment was illegally terminated.

**ANSWER:** The allegations in Count VI are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 81.

82.     Decision makers who knowingly permit the violation of the Wage Act face individual liability for such violations. 820 ILCS 115/13.

**ANSWER:** The allegations in Count VI are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 82.

83.     Defendant Tsekos knew that Carmona had earned, and was owed his final paycheck, and made the decision to refuse to pay Carmona his earned compensation.

**ANSWER:** The allegations in Count VI are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 83.

84.     By refusing to pay Carmona for his earned final compensation, Tsekos knowingly violated the Wage Act by failing to pay Carmona's final compensation to which he was lawfully entitled.

**ANSWER:** The allegations in Count VI are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 84.

85.     As a direct result of RFD's violation of the Wage Act, Carmona was damaged in the form of being denied his final earned compensation.

**ANSWER:** The allegations in Count VI are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 85.

## COUNT VII — DEFENDANT T& L PRODUCE D/B/A ROINS FOOD DISTRIBUTION ILLINOIS MINIMUM WAGE LAW — UNPAID OVERTIME WAGES

86. Paragraphs 1 through 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

87. The IMWL requires an employer to pay its covered, non-exempt employee one and one-half times her regular hourly rate for each hour worked in excess of forty in a workweek. 820 ILCS 105/3(c), (d).

**ANSWER:** The allegations in Count VII are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 87.

88. RFD was Carmona's employer, and Carmona RFD's employee, within the meaning of the IMWL 820 ILCS 105/3(c), (d).

**ANSWER:** The allegations in Count VII are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 88.

89. RFD, by its management or agents, violated the IMWL by requiring Carmona to work in excess of forty hours per week, failing to properly and accurately record all hours that he worked, and failing to pay him time-and-a-half wages for all hours worked over forty in any given workweek between January 2017 and his firing, which resulted in him receiving less than the legal overtime rate for his overtime hours.

**ANSWER:** The allegations in Count VII are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 89.

90. RFD's violation of the IMWL was willful.

**ANSWER:** The allegations in Count VII are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 90.

91. As a direct result of RFD's violation of the IMWL, Carmona suffered the loss of Compensation in the form of overtime pay.

**ANSWER:** The allegations in Count VII are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 91.

### COUNT VIII — DEFENDANT GEORGE TSEKOS
### ILLINOIS MINIMUM WAGE LAW — UNPAID OVERTIME WAGES

92. Paragraphs 1 through 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

93. The IMWL requires an employer to pay its covered, non-exempt employee one and one-half times her regular hourly rate for each hour worked in excess of forty in a workweek. 820 ILCS 105/3(c), (d).

**ANSWER:** The allegations in Count VIII are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 93.

94. Tsekos was Carmona's employer, and Carmona Tsekos's employee, within the meaning of the IMWL as he exercised direct control over Carmona's rate of pay and compensation. 820 ILCS 105/3(c), (d).

**ANSWER:** The allegations in Count VIII are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 94.

95. As a direct result of RFD's violation of the IMWL, Carmona suffered the loss of compensation in the form of overtime pay.

**ANSWER:** The allegations in Count VIII are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 95.

### COUNT IX — BELLISSIMO DISTRIBUTION, LLC D/B/A GRECO & SONS ILLINOIS MINIMUM WAGE LAW — UNPAID OVERTIME WAGES

96.     Paragraphs 1 through 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

97.     The IMWL requires an employer to pay its covered, non-exempt employee one and one-half times her regular hourly rate for each hour worked in excess of forty in a workweek. 820 ILCS 105/3(c), (d).

**ANSWER:** Defendant objects to the allegations in this paragraph as they are a legal conclusion. Due to this objection, Defendant denies the allegations set forth in Paragraph 97.

98.     RFD and Tsekos were Carmona's employer, and Carmona was RFD and Tsekos's employee, within the meaning of the IMWL as they exercised direct control over Carmona's rate of pay and compensation. 820 ILCS 105/3(c), (d).

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 98.

99.     Greco, by virtue of its acquisition of RFD, is liable for their IMWL violations under a theory of successor liability.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 99.

100.     As a direct result of Greco's violation of the IMWL, Carmona suffered the loss of compensation in the form of overtime pay.

**ANSWER:** Defendant denies the allegations set forth in Paragraph 100.

### COUNT X — DEFENDANT GEORGE TSEKOS FAIR LABOR STANDARDS ACT — UNPAID OVERTIME WAGES

101.     Paragraphs 1 through 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

102.    The FLSA requires an employer to pay its covered, non-exempt employee one and one-half times his regular hourly rate for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

**ANSWER:** The allegations in Count X are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 102.

103.    Tsekos was Carmona's employer, and Carmona Tsekos's employee, within the mewling of the FLSA. 29 U.S.C. § 203(d), (e).

**ANSWER:** The allegations in Count X are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 103.

104.    Tsekos, by his management or agents, violated the FLSA by failing to pay Carmona all of his earned overtime wages for his hours worked over forty (40), which resulted in his receiving less than the legal overtime rate for her overtime hours.

**ANSWER:** The allegations in Count X are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 104.

105.    Tsekos's violation of the FLSA was willful.

**ANSWER:** The allegations in Count X are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 105.

106.    As a direct result of Tsekos's violation of the FLSA, Carmona suffered the loss of compensation in the form of overtime pay.

**ANSWER:** The allegations in Count X are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 106.

## COUNT XI - DEFENDANT T&L PRODUCE D/B/A ROINS FOOD DISTRIBUTION FAIR LABOR STANDARDS ACT — UNPAID OVERTIME WAGES

107.    Paragraphs 1 through 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

108.    The FLSA requires an employer to pay its covered, non-exempt employee one and one-half times his regular hourly rate for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

**ANSWER:** The allegations in Count XI are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 108.

109.    RFD was Carmona's employer, and Carmona RFD's employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

**ANSWER:** The allegations in Count XI are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 109.

110.    RFD, by his management or agents, violated the FLSA by failing to pay Carmona all of his earned overtime wages for his hours worked over forty (40), which resulted in his receiving less than the legal overtime rate for her overtime hours.

**ANSWER:** The allegations in Count XI are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 110.

111.    RFD's violation of the FLSA was willful.

**ANSWER:** The allegations in Count XI are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 111.

112. As a direct result of RFD's violation of the FLSA, Carmona suffered the loss. of compensation in the form of overtime pay.

**ANSWER:** The allegations in Count XI are not directed at Defendant, and, therefore, Defendant makes no answer to these allegations. To the extent an answer is required, Defendant denies the allegations in Paragraph 112.

## COUNT XII — BELLISSIMO DISTRIBUTION, LLC D/B/A GRECO & SONS FAIR LABOR STANDARDS ACT — UNPAID OVERTIME WAGES

113. Paragraphs 1 through 44 are incorporated by reference.

**ANSWER:** Defendant incorporates by reference its answers to Paragraphs 1-44 as if fully set forth herein.

114. The FLSA requires an employer to pay its covered, non-exempt employee one and one-half times his regular hourly rate for each hour worked in excess of forty in a workweek. 29 U.S.C. § 207(a)(1).

**ANSWER:** Defendant objects to the allegations in this paragraph as they are a legal conclusion. Due to this objection, Defendant denies the allegations set forth in Paragraph 114.

115. Greco, by virtue of its acquisition of RFD and federal recognition of successor liability, was Carmona's employer, and Carmona Tsekos's employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

**ANSWER:** Defendant denies the allegations set forth in Paragraph 115.

116. Tsekos, by his management or agents, violated the FLSA by failing to pay Carmona all of his earned overtime wages for his hours worked over forty (40), which resulted in his receiving less than the legal overtime rate for her overtime hours.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 116.

117. Tsekos's violation of the FLSA was willful.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 117.

117. As a direct result of Tsekos's violation of the FLSA, Carmona suffered the loss of compensation in the form of overtime pay.

**ANSWER:** Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 118.

## AFFIRMATIVE DEFENSES

1. With respect to claims for monetary relief, Defendant is entitled to a set-off from any liability for sums earned by Plaintiff since his alleged termination.

2. Plaintiff is obligated to mitigate his alleged damages with respect to claims for monetary relief. Those claims should be barred or, in the alternative, reduced if Plaintiff has failed to mitigate his damages.

3. There is no causal connection between the alleged protected activity and the alleged adverse employment action.

4. Any and all actions taken by Defendant with respect to the Plaintiff were in good faith.

5. Plaintiff's claims against Defendant are barred, in whole or in part, to the extent they arise out of or relate to events occurring prior to Defendant purchasing the assets of RFD on or about July 30, 2018.

6. Defendant is not a proper party defendant in Plaintiff's claim for violation of the Fair Labor Standards Act ("FSLA") or the Illinois Minimum Wage Law ("IMWL") in that it did not, willfully or otherwise, prevent the payment of compensation that was allegedly owing and due to Plaintiff.

7.    Plaintiff is barred in whole or in part by the applicable statutes of limitations to the extent that Plaintiff seek damages beyond the applicable two or three year statutes of limitations provided for under the FLSA and the IMWL.

WHEREFORE, the Defendant denies each and every allegation not expressly admitted herein, including Plaintiff's requests for relief, and respectfully request that Plaintiff's Complaint be dismissed with prejudice and that the Court grant any additional relief to the Defendants as this Court deems appropriate.

Dated:  March 6, 2020                    Respectfully Submitted,

                                         BELLISSIMO DISTRIBUTION, LLC, D/B/A
                                         GRECO & SONS


                                         By:    /s/ Kevin W. Frey
Kevin W. Frey                                   Kevin W. Frey
LANER MUCHIN, LTD.                              One of Its Attorneys
515 North State Street, Suite 2800
Chicago, IL 60654
(312) 467-9800 / (312) 467-9429 (fax)
kfrey@lanermuchin.com
Attorney for Defendant Bellissimo
Distribution, LLC, d/b/a Greco & Sons

## CERTIFICATE OF SERVICE

Kevin W. Frey, an attorney, hereby certifies that on March 6, 2020, he caused the foregoing **DEFENDANT BELLISSIMO DISTRIBUTION, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Dennis R. Favaro
> Patrick J. Gorman
> Favaro & Gorman, Ltd.
> 835 Sterling Avenue
> Suite 100
> Palatine, Illinois 60067
> (847) 934-0060
> dfavaro@favarogorman.com
> pgorman@favarogorman.com
> Attorney for Plaintiff, Gilbert Carmona

> Rachel Schaller
> Taft Stettinius & Hollister LLP
> 111 East Wacker Drive
> Suite 2800
> Chicago, Illinois 60601
> (312) 527-4000
> rschaller@taftlaw.com
> Attorney for Defendants, T&L Produce, Inc. d/b/a Roins Food Distribution and George Tsekos

> /s/Kevin W. Frey