IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GILBERTO CARMONA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 CV 08377 |
| | ) | |
| T&L PRODUCE, INC. d/b/a | ) | Honorable Manish S. Shah |
| ROINS FOOD DISTRIBUTION, | ) | |
| BELLISSIMO DISTRIBUTION, | ) | Honorable Sunil R. Harjani, |
| LLC, d/b/a GRECO & SONS, and | ) | Magistrate Judge |
| GEORGE TSEKOS, | ) | |
| | ) | |
| Defendants. | ) | |

## INITIAL JOINT STATUS REPORT

Now come the parties, by and through their respective counsels, and for their Initial Joint Status Report submit the following:

1. **The Nature of Case**

    a. Identify the attorneys of records for each party, including the lead trial attorney

    **Plaintiff, Gilbert Carmona**

    Dennis R. Favaro, lead trial attorney
    Patrick J. Gorman, lead trial attorney
    Favaro & Gorman, Ltd.
    835 Sterling Avenue
    Suite 100
    Palatine, Illinois 60067
    (847) 934-0060
    *dfavaro@favarogorman.com*
    *pgorman@favarogorman.com*

1

**Defendant, T&L Produce, Inc. d/b/a Roins Food Distribution and George Tsekos**

Rachel Schaller, lead trial attorney
Taft Stettinius & Hollister LLP
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601
(312) 527-4000
rschaller@taftlaw.com

**Defendant, Bellissimo Distribution, LLC. d/b/a Greco & Sons**

Kevin Frey, lead trial attorney
Laner Muchin, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60654
(312) 467-9800
kfrey@lanermuchin.com

b. State the basis for federal jurisdiction.

Plaintiff asserts the bases for federal jurisdiction are: federal question under the Fair Labor Standards Act (FLSA) and supplemental jurisdiction over Plaintiff's state law claims. Defendants T&L Produce and George Tsekos dispute there is supplemental jurisdiction over Counts I through VI, alleging state law retaliation and wage payment claims arising from Plaintiff's alleged exercise of rights under the Illinois Workers' Compensation Act. Defendants T&L Produce and George Tsekos assert that the state law claims set forth in Counts I through IV and the FLSA claim (Counts X through XII) do not arise from a common nucleus of operative fact, and the state law issues raised in Counts I through VI substantially predominate.

c. Describe the nature of the claims asserted in the complaint and any counterclaims.

Plaintiff asserts that the claims alleged in the Complaint each arise of out plaintiff's employment and the termination of that employment. Plaintiff has asserted claims under (1) the Illinois Whistleblower Act (IWA) against Defendant, T & L Produce, and George Tsekos, arising from Plaintiff's alleged refusal to participate in misrepresentations regarding a workplace injury (Counts I and II); (2) common law retaliatory discharge based upon Plaintiff allegedly being discharged for exercising his rights under the Illinois Workers' Compensation Act against T & L Produce and Bellissimo Distribution (Counts III and IV); (3) the Illinois Wage Payment and Collection Act for the alleged refusal to pay final compensation against T & L Produce and George Tsekos (Counts V and VI); (4)the Illinois Minimum Wage Law (IMWL) for the alleged failure to pay Plaintiff

overtime, against all Defendants(Counts VII, VIII and IX); and (5) the Fair Labor Standards Act (FLSA) for the alleged failure to pay Plaintiff overtime, against all Defendants (Counts X, XI and XII). Defendants deny the allegations of wrongdoing made by Plaintiff and also deny that they are liable for damages.

d.  State the major legal and factual issues anticipated in the case.

The major and legal factual questions relating to the case will relate to the hours Plaintiff worked for T&L Produce and the recordation and payment for the hours, the circumstances surrounding the end of Plaintiff's employment, causation and liability among Defendants.

e.  Describe the relief sought by plaintiff(s).

Plaintiff is seeking monetary relief as available under the different claims pled in his complaint. The relief Plaintiff is seeking includes: lost earnings, unpaid minimum and overtime wages, unpaid final compensation, interest on unpaid wages, compensatory damages for emotional distress, liquidated damages, punitive damages, and attorneys' fees and costs.

2.  **Mandatory Initial Discovery (Pilot Program)**

a.  Acknowledge familiarity with the Mandatory Initial Standing Order.

Counsels are familiar with the Mandatory Initial Discovery Program (MIDP) Standing Order.

b.  Confirm compliance with the mandatory initial discovery responses or state the deadline for responses (30 days after filing of the answer). The parties must file a separate notice of service of their responses (but not the responses themselves).

Counsel acknowledges the deadline for responses as 30 days after the filing of Defendants' Answers.

c.  Briefly describe any disputes concerning the mandatory initial discovery responses.

There are presently no disputes regarding the MIDP responses.

3.  **Pending Motions and Case Plan**

a.  Identify all pending motions.

There are no motions presently pending.

b.  Submit a proposal for a discovery plan, including the following information:

    i.  The general type of discovery needed;

3

       Discovery generally will require production of Plaintiff's employment records, Plaintiff's payroll and timekeeping records, Plaintiff's medical records and deposition testimony from party and non-party witnesses.

  ii.    A date for Rule 26(a)(1) disclosures;

       26(a)(1) disclosures to be made by April 6, 2020.

  iii.    The date to issue written discovery;

       Written discovery to be issued by April 27, 2020.

  iv.    A fact discovery completion date;

       Fact discovery is to be completed by October 2, 2020.

  v.    If there will be expert discovery, an expert discovery completion date, including dates for the delivery of expert reports; and

       Expert discovery is not anticipated by the Parties.

  vi.    A date for the filing of dispositive motions.

       Dispositive motions should be filed on or before November 20, 2020.

c. With respect to trial, indicate whether a jury trial is required and the probable length of trial.

A jury trial was requested and should take three to five days.

4. **Consent to Proceed Before a Magistrate Judge**

At present, there is not unanimous consent to proceed before a Magistrate Judge.

5. **Status of Settlement Discussions**

a. Indicate whether any settlement discussions have occurred.

The Parties engaged in settlement discussions prior to the filing of Plaintiff's complaint. The Parties engaged in a mediation on December 17, 2019 but were unable to come to a resolution of this matter.

b. Describe the status of any settlement discussions;

Settlement discussions are not ongoing.

c.  Whether the parties request a settlement conference.

    Plaintiff is willing to participate in a settlement conference. Defendants believe a settlement conference would not be fruitful at this juncture given that the parties engaged in a mediation in mid-December. However, Defendants may be amenable to a settlement conference in the future.


/s *Patrick J. Gorman*_____    /s *Rachel Schaller*_____

Dennis R. Favaro                Rachel Schaller
*dfavaro@favarogorman.com*      *rschaller@taftlaw.com*
Patrick J. Gorman               Taft Stettinius & Hollister LLP
*pgorman@favarogorman.com*      111 East Wacker Drive
Favaro & Gorman, Ltd.           Suite 2800
835 Sterling Avenue             Chicago, Illinois 60601
Suite 100                       (312) 527-4000
Palatine, Illinois 60067        **Counsel for T&L Produce, Inc. d/b/**
(847) 934-0060                  **Roins Food Distribution and George**
**Counsel for Gilberto Carmona** **Tsekos**


*/s Kevin Frey*_____

Kevin Frey
*kfrey@lanermuchin.com*
Laner Muchin, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60654
(312) 467-9800
**Counsel for Bellissimo Distribution, LLC.**
**d/b/a Greco & Sons**

5